## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

Case No.  22-11389-BB

ROBERT A. SWEETAPPLE,

*Appellant,*

v.

ASSET ENHANCEMENT, INC.,

*Appellee.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Bankruptcy Case No. 20-15782-PDR
District Court Case No. 21-cv-60777-RS

## INITIAL BRIEF OF APPELLANT

**Douglas C. Broeker, Esq.**
**Florida Bar No. 306738**
**SWEETAPPLE, BROEKER & VARKAS, P.L.**
**12700 Biscayne Blvd., Suite 402**
**Miami, Florida 33181**
**Tel.: (305) 374-5623**
**Fax: (305) 358-1023**
Doug@broekerlaw.com
DocService@broekerlaw.com
*Counsel for Appellant*

### <u>APPELLANT, ROBERT A. SWEETAPPLE'S CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, APPELLANT, ROBERT A. SWEETAPPLE ("Mr. Sweetapple"), hereby states the following individuals and entities with any known interest in the outcome of this appeal:

AM Law, LLC, *Counsel for Appellee*

Asset Enhancement, Inc., *Appellee*

Broeker, Douglas C., *Counsel for Appellant*

Cortez-Rodriguez, Adisley M., *Counsel for U.S. Trustee*

Murphree, Gary M., *Counsel for Appellee*

Office of the U.S. Trustee, *U.S. Trustee*

Russin, Peter D., *U.S. Bankruptcy Judge*

Smith, Rodney, *U.S. District Court Judge*

Sweetapple, Broeker & Varkas, P.L., *Counsel for Appellant*

Sweetapple, Robert A., *Appellant*

Town of Gulf Stream, *Interested Party*

Yip, Maria, *Trustee*

## **TABLE OF CONTENTS**

**APPELLANT, ROBERT A. SWEETAPPLE'S CERTIFICATE OF INTEREST PERSONS** ......................................................................... i

**TABLE OF CITATIONS** ...................................................................... iii

**REQUEST FOR ORAL ARGUMENT** ................................................. v

**STATEMENT OF JURISDICTION** ..................................................... v

**STATEMENT OF ISSUES PRESENTED FOR REVIEW** .................. 1

**STATEMENT OF THE CASE AND FACTS** ....................................... 2

**SUMMARY OF THE ARGUMENT** .................................................... 9

**ARGUMENT** ......................................................................................... 11

   **I.   The Orders Finding Contempt and Sanctions Were Not Appealable Until An Order was Entered Determining the Amount Of Fees Awarded** ... 11

   *A.   The January 28, 2021 Order Granting In Part Was Not A Final, Appealable Order As The Issue Of Damages Remained Outstanding.* ............. 12

   *B.   Appellant Did Not Waive his Appellate Remedies Regarding the Contempt Order By Agreeing to an Order Liquidating the Amount.* ............... 17

   *C.   Appellant Has the Requisite Standing to Challenge the Fee Order* .......... 19

   II.   The Bankruptcy Court erred by finding the Appellant violated the automatic stay provisions of the Bankruptcy Code ............................................. 20

*A.   Appellee Waived Right to Pursue Alleged Violation of the Automatic Stay By Failing to Object* ...................................................................................... 20

*B.   The Bankruptcy Court erred by finding Appellant personally liable for damages stemming from an alleged violation of the automatic stay.* ...................... 23

**CONCLUSION** .................................................................................... 26

**CERTIFICATE OF COMPLIANCE** ................................................. 27

**CERTIFICATE OF SERVICE** ........................................................... 28

## <u>TABLE OF CITATIONS</u>

**CASES**

*Am. Online, Inc. v. Uhrig (In re Uhrig)*, 306 B.R. 687 (Bankr. M.D. Fla. 2004) . 21, 22, 23

*Asset Enhancement, Inc. v. Town of Gulfstream*, Circuit Court Case No. 502014CA010216XXXXMBAF ............................................................................3

*Bilzerian v. Bilzerian*, 100 F.3d 886 (11th Cir. 1996). .............................................8

*Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988) ......... 13, 14, 15, 17

***Collins v. Daniels***, 916 F.3d 1302, 1319 (10th Cir. 2019)......................................15

*Connecticut State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1343 (11th Cir. 2009)........................................................................................................8

*Connor v. Prop. Fund 629, LLC (In re Connor)*, Nos. 3:21-bk-00276, 3:21-ap-90037, 3:21-ap-90051, 2022 Bankr. LEXIS 1588 (Bankr. M.D. Tenn. June 6, 2022) ................................................................................................... 24, 25, 26

*Cox v. Cmty. Loans of Am.,* 2013 U.S. App. LEXIS 26060 ...............................v, 18

*Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. Unit B. Sept. 4, 1981) ...................................................................................................................19

*DeMartini v. Town of Gulfstream,* 942 F.3d 1277 (11th Cir. 2019) ........................4

*Dorse v. Armstrong World Indus.,* 798 F. 2d 1372 (11th Cir. 1986).......................18

*Dzikowski v. Boomer's Sports & Recreation Ctr., Inc.*, 184 F.3d 1285, 1286 (11th Cir. 1999) ...............................................................................................................v

*Fluor Constructors, Inc. v. Reich*, 111 F.3d 94, 96 (11th Cir. 1997) .....................13

*Gravel Co. v. Central Pension Fund of Intern. Union of Operating Engineers and Participating Employers*, 571 U.S. 177, 134 S.Ct. 773, 187 L.Ed.2d 669 (2014) ....................................................................................................................... 13, 14

*Hofmann v. De Marchena Kaluche & Asociados*, 657 F.3d 1184 (11th Cir. 2011) ....................................................................................................................... 17, 18

***Hoover v. Jones (In re Jones)***, 546 B.R. 12, 15 (6th Cir. BAP 2016) ...................15

*In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) ........................................v, 12

*In re Chase & Sanborn Corp.*, 904 F.2d at 593 (11th Cir. 1990)..............................9

*In re Cobb,* 88 B.R. 119, 121 (Bankr. W.D.Tx. 1988) ............................................22

*In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008).............................................12

*In re Englander*, 95 F.3d 1028, 1030 (11th Cir.1996)...............................................9

*In re Frontier Properties, Inc*., 979 F.2d 1358, 1363 (9th Cir. 1992).......................v

*In re Russell*, 441 B.R. 859 (Bankr. N.D. Ohio 2010)..............................................25

*In re Sublett*, 895 F.2d 1381, 1383 (11th Cir.1990) ...................................................9

*In re Tidewater Group, Inc.*, 734 F.2d 794, 795-96 (11th Cir. 1984) .......................v

*In re Wohleber,* 596 B.R. 554 (6th Cir B.A.P. 2019) ................................................24

<u>*Knight v. Alabama,*</u> 14 F.3d 1534, 1555 (11th Cir. 1994) ...................................v, 19

*McCavey* .................................................................................. v, 14, 15, 17

*McCavey v. Gold,* 625 Fed.Appx. 968 (11th Cir. 2015).......................................v, 14

**Meide Zhang v. Liang Zhang**, 816 Fed.Appx. 525, 531 (2d Cir. 2020)................15

**Milo & Gabby, LLC v. Amazon.com, Inc.,** 693 Fed. Appx. 879, 892, n. 5 (Fed. Cir. 2017) ...........................................................................................15

*Mohorne v. Beal Bank, S.S.B.,* 419 B.R. 488 (S.D. Fla. 2009)..................................9

*Olympia & York Fla. Equity Corp. v. Bank of New York (In re Holywell Corp.),* 913 F.2d 873, 879 (11th Cir.1990) ........................................................9

**Parker v. Nelson (In re Nelson), 2014 WL 3398390 (9th Cir. BAP Jul. 11, 2014)** .............................................................................................. 16, 24

*Ray Haluch Gravel Co. v. Central Pension Fund of Intern. Union of Operating Engineers and Participating Employers*, 571 U.S. 177, 134 S.Ct. 773, 187 L.Ed.2d 669 (2014) .................................................. 13, 14, 15

*Rissell v. Kapila*, No. 18-cv-61927-BLOOM, 2018 U.S. Dist. LEXIS 181589, at 4 (S.D. Fla. Oct. 22, 2018)..............................................................12

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).................................8

**Webb v. Morella**, 522 Fed.Appx. 238, 242 (5th Cir. 2013) ...................................15

## STATUTES

11 U.S.C. § 362......................................................................................1

28 U.S.C. § 158....................................................................................12

## OTHER AUTHORITIES

16 Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 2d § 3926.2 (2d ed.1996) ...............................................................v

## REQUEST FOR ORAL ARGUMENT

Appellant respectfully requests oral argument in this cause.

## STATEMENT OF JURISDICTION

The bankruptcy orders on appeal are final and appealable because they resolve and seriously affect substantive rights, and finally determine the discrete issues to which they are addressed. *In re Frontier Properties, Inc*., 979 F.2d 1358, 1363 (9th Cir. 1992). The bankruptcy orders on appeal are all, together, sanctions orders against Appellant and "finally resolve an adversary proceeding, controversy, or entire bankruptcy proceeding on the merits and leave nothing for the court to do but execute its judgment." *See In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985); *In re Tidewater Group, Inc.*, 734 F.2d 794, 795-96 (11th Cir. 1984). The orders on appeal are like an adversary proceeding, as they are akin to "'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy." *Dzikowski v. Boomer's Sports & Recreation Ctr., Inc.*, 184 F.3d 1285, 1286 (11th Cir. 1999), citing 16 Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 2d § 3926.2 (2d ed.1996). This appeal is timely pursuant to *McCavey v. Gold,* 625 Fed.Appx. 968 (11th Cir. 2015). Appellant did not waive his right to appeal; *Cox v. Cmty. Loans of Am.,* 2013 U.S. App. LEXIS 26060, and Appellant has standing. *Knight v. Alabama,* 14 F.3d 1534, 1555 (11th Cir. 1994).

## <u>STATEMENT OF ISSUES PRESENTED FOR REVIEW</u>

The questions involved on this appeal are:

1.     Whether there is any basis, pursuant to 11 U.S.C. § 362(a), for sanctioning Appellant, personally, who appeared as ordered by the Circuit Court in and for Palm Beach County, Florida ("State Court"), to present closing argument in defense of Plaintiff/Debtor Asset Enhancement Inc's ("Appellee" or "Debtor") Motion For Attorney's Fees, and the parties went forward with closing argument on matters already presented to the Circuit Court.

2.     Whether there is any basis for sanctioning Appellant for arguing defenses to the fee award being sought by Appellee/Debtor, when Debtor's counsel not only attended the Circuit Court Hearing to consider the applicability of the Automatic Stay to that proceeding, but also Debtor's counsel did not object to the Hearing moving forward, and did not object to any part of Appellant's presentation.

3.     Whether any sanction was appropriate, as to the Appellant, when it was the State Court Judge who ordered that the closing argument, at issue, would proceed, following a Hearing to consider the applicability of the Automatic Stay, when it was not Appellant, nor Appellant's Firm, that submitted the arguments to the State Court on the issue of the Automatic Stay.

4.     Whether it is a violation of the Automatic Stay to proceed on a State Court claim in favor of the Debtor, when no amount was claimed from the Debtor.

1

5.      Whether the Bankruptcy Court's January 28, 2021, Order Granting in Part Amended Motion for Contempt for Violation of the Automatic Stay and For Sanctions ("Order Granting in Part") was a final, appealable order.

6.      Whether the Bankruptcy Court's March 2, 2021, Order Denying Motion for Reconsideration of Order Granting in Part Amended Motion for Contempt for Violation of the Automatic Stay and For Sanctions ("Reconsideration Order") was a final, appealable order.

7.      Whether the District Court's finding that it lacked jurisdiction over subject matter of the instant appeal, ultimately dismissing the appeal, was in error.

8.      Whether the the Bankruptcy Court's Order Granting Motion for Reasonable Attorneys' Fees and Costs ("Sanctions Order") was a consent order, and whether Appellant is entitled to seek appellate review of same.

## STATEMENT OF THE CASE AND FACTS

In related State Court Proceedings, attorney Robert A. Sweetapple ("Appellant") was co-counsel representing the Town of Gulfstream ("Gulfstream") against Asset Enhancement, Inc. ("Appellee") in litigation before the Fifteenth Judicial Circuit Court in and for Palm Beach County. In the years preceding the filing of the bankruptcy, pursuant to Florida Statutes, Appellee served Gulfstream with numerous public record requests specifically designed to elicit a tardy, incomplete or no response, whereupon Appellee would then institute litigation

seeking enforcement and attorney's fees. Appellee and its counsel litigated numerous cases against Gulfstream and the litigation became protracted and contentious. Ultimately, Gulfstream, Appellee and other related entities entered into a settlement agreement (ECF No. 70-14 ¶3) wherein Gulfstream agreed to judgments being entered against it in specific cases, with attorney's fees to be determined by the Courts in those cases, and other remaining cases dismissed.

In the case of *Asset Enhancement, Inc. v. Town of Gulfstream*, Circuit Court Case No. 502014CA010216XXXXMBAF, a Motion for Attorney's Fees was brought before the Hon. Judge Kastrenakas, with evidentiary proceedings being held on September 23, 2019 and October 29, 2019. Following the conclusion of evidence, and other proceedings, Judge Kastrenakas ordered the attorneys to appear for closing argument on May 28, 2020.

On May 27, 2020, the day before Closing Arguments, the Appellee filed the underlying Chapter 11 bankruptcy. On the morning of May 28, 2020, Judge Kastrenakas contacted counsel for both sides to ascertain each party's position related to whether the automatic stay applied to closing argument on a state court action brought by a debtor as Plaintiff. However, Appellee's state court counsel, and its bankruptcy counsel, stated they did not know whether the automatic stay applied to scenarios where the debtor is a plaintiff. (Tr. 7:19-25; May 28, 2020, ECF No. 70-5). Judge Kastrenakas, personally, researched the issue, as well as reviewed a

3

memorandum of law prepared by Appellant's co-counsel who was in a different law firm. As his personal research coincided with the legal memorandum prepared by Gulfstream's state court counsel, Judge Kastrenakas found the automatic stay did not apply to matters in which the debtor is a plaintiff (*Id*. Tr. 9:5-6). As such, Judge Kastranakas found the automatic stay did not prevent the parties from presenting closing arguments in the underlying matter and ordered the parties to proceed with closing arguments (*Id*. Tr. 9: 15-16). Based upon Judge Kastrenakas' ruling, Appellee's state court counsel presented closing arguments, and Appellant then presented closing argument in response, on behalf of Gulfstream.

The closing argument presented by the Appellant, on behalf of Gulfstream, and asserted that Appellee had engaged in fraudulent billing schemes, and had double-billed by charging amounts in the State case, which had been charged in other cases. In *DeMartini v. Town of Gulfstream,* 942 F.3d 1277 (11th Cir. 2019), this Court found probable cause to believe the Appellee, along with others, were involved in a RICO scheme related to public records requests. Appellant argued the State Court should enter, "sanctions as a means of reducing or eliminating any award for the Debtor pursuant to the Attorneys' Fees Motion". (ECF No. 106, page 6 of 18). At the conclusion of the proceedings, Judge Kastrenakas took the matter under advisement, asking the parties to keep him apprised of any actions related to the automatic stay taken by the Bankruptcy Court. At no time during the Appellant's

closing argument did counsel for the Appellee object to either the basis asserted for reducing Appellee's attorney fee award or that Appellant's arguments violated the automatic stay.

Six weeks later, on July 8, 2020, the Appellee filed its Motion for Contempt for Violation of the Automatic Stay and For Sanctions, and the following day filed its Amended Motion. (ECF 32), seeking sanctions against the Appellant and Gulfstream as a result of proceeding with the State Court hearing. The following day, July 9, 2020, the Appellee filed an Amended Motion for Contempt for Violation of the Automatic Stay and For Sanctions ("Amended Motion"), to correct a paragraph in the original motion and other minor typographical errors, otherwise, sought the same relief contained in the original motion. An evidentiary hearing was conducted as to the Amended Motion September 17, 2020. Subsequently, on January 28, 2021, the Bankruptcy Court entered its Order Granting in Part Amended Motion for Contempt for Violation of the Automatic Stay and For Sanctions ("Order Granting in Part"), which found the Appellant and Gulfstream had violated the automatic stay, and that the Appellee was entitled to sanctions, in the form of attorney's fees, for said violation. The basis of the automatic stay violation was that Gulfstream's and Appellant's actions during closing argument were "offensive" rather than "defensive" in nature. Specifically, the Bankruptcy Court found that the portion of the Appellant's closing argument asserting the Appellee should be denied

all attorney's fees and costs based upon the fraudulent nature of the scheme was an affirmative claim against the Appellee.

The Order Granting in Part did not liquidate the sanction amount. On February 11, 2021, the Appellant sought reconsideration of the Order Granting in Part pursuant to his Motion for Reconsideration of Order Granting, in Part, Motion for Contempt for Violation of the Automatic Stay and for Sanctions ("Motion for Reconsideration") (ECF No. 109). The following day, February 12, 2021, Gulfstream filed its Joinder of Motion for Reconsideration (ECF No. 110). On Mrch 2, 2021, the Bankruptcy Court entered its Order Denying the Motion for Reconsideration (ECF No. 113) ("Order Denying Reconsideration") without conducting a hearing.

On March 26, 2021, based upon an agreement of the parties, the Bankruptcy Court entered its Order Granting Debtor's Motion for Reasonable Attorneys' Fees and Costs Relating to Filing and Prosecuting the Debtor's Amended Motion for Contempt for Violation of the Stay ("Sanctions Order"), which liquidated the sanctions award as to the Appellant and Gulfstream. Gulfstream and the Appellant consented to the entry of the Sanctions Order merely to prevent the necessity of a hearing on the amount of sanctions. Specifically, the language, upon which all parties agreed, in the Sanctions Order stated,

> "[t]he consent of Robert A. Sweetapple ("Mr. Sweetapple") to the entry of this Order solely regards the amount of attorneys'

6

fees and costs sought by the Respondents, in order to avoid the necessity of a contested hearing thereon, and does not constitute a waiver or admission as to any aspect of the Contempt Order and/or Order Denying Reconsideration. This Order is expressly entered without prejudice to Mr. Sweetapple's right to appeal any aspect of the Contempt Order and/or the Order Denying Reconsideration".

(ECF No. 120; ¶ 4).

On April 8, 2021, the Appellant filed his Notice of Appeal as to the Order Granting in Part, the Order Denying Reconsideration, as well as the Sanctions Order. Pursuant to the Notice of Appeal, Appellant sought review of the finding of the Appellee's entitlement to sanctions by the Bankruptcy Court. On April 30, 2021, the Appellee filed its Motion to Dismiss Appeal with Prejudice (ECF No. 127), in the Bankruptcy Court. After dismissal of its Motion by the Bankruptcy Court, on June 15, 2021, Appellee filed its Motion to Dismiss Appeal with Prejudice ("Motion to Dismiss")(DE#7), in the District Court, predicated upon the timeliness of the Notice of Appeal filed by Appellant. Specifically, the Appellee alleged the Order Granting in Part was a final, appealable order, therefore, the time in which the Appellant should have sought appellate review expired February 11, 2021. On March 28, 2022, the District Court granted the Appellee's request and dismissed the appeal. The District Court found when an order disposes of all substantive issues in a motion, and only leaves open the issue of determination of attorney's fees and costs, the order is final for appellate jurisdiction. (DE#13; page 7 of 12). The District

Court found that the Order Granting in Part was final and became appealable January 28, 2021. The Court found that Appellant's Notice of Appeal was untimely, and dismissed the appeal with prejudice. Appellant then appealed to this Court.

## STANDARD OF REVIEW

On Appeal from a bankruptcy court's final orders, the appellate court reviews determinations of law *de novo* and factual findings under the "clearly erroneous" standard. *See Bilzerian v. Bilzerian*, 100 F.3d 886 (11th Cir. 1996). Discretionary decisions of a lower court are reviewed for abuse of discretion. *Connecticut State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1343 (11th Cir. 2009). A finding of fact is clearly erroneous when a reviewing court finds that "although there is evidence to support [the lower court's] finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A reviewing court may, however, "look carefully" to discover if the court below based its findings upon incorrect legal principles. If the trial court bases its findings upon a mistaken impression of applicable legal principles, the reviewing court is not bound by the clearly erroneous standard.

On appeal from the District Court, this Court reviews the District Court's Order with the same standard, and reviews the Bankruptcy Court's Orders *de novo*. "[C]onclusions of law are reviewed on a de novo basis. *In re Englander*, 95 F.3d

1028, 1030 (11th Cir.1996); *Olympia & York Fla. Equity Corp. v. Bank of New York (In re Holywell Corp.)*, 913 F.2d 873, 879 (11th Cir.1990). Further, mixed issues of law and fact and "ultimate facts" are all subject to de novo review. *In re Chase & Sanborn Corp*., 904 F.2d at 593 (11th Cir. 1990); *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir.1990) (as noted in *Mohorne v. Beal Bank, S.S.B.,* 419 B.R. 488 (S.D. Fla. 2009)).

## SUMMARY OF THE ARGUMENT

This appeal follows the District Court's dismissal of an appeal of three Bankruptcy Court Orders finding that Appellant violated the automatic stay provisions of the Bankruptcy Code and assessing attorney's fees as damages. The District Court's dismissal was predicated on the timeliness of the Appellant's Notice of Appeal and a finding of "consent". Appellant asserts that appellate jurisdiction is appropriate, the appeal was timely and the agreement relating to the third Order is not "consent" that precludes Appeal, thus this Court properly reviews the merits of the Bankruptcy Court's decisions, *de novo*.

The primary flaw in the Order granting dismissal is the District Court's confusion of judgments on the merits with sanctions orders. In dismissing the instant appeal, the District Court relied upon an incorrect interpretation of the facts of the underlying Chapter 11 bankruptcy, related to the Sanctions Order and the nature of

the attorney's fees to be awarded. The District Court held that "attorney's fees is always a collateral issue".

However, the District Court misinterpreted the nature of the award of attorney's fees in the underlying Chapter 11. As evidenced by the language used by the Bankruptcy Court in its Order Granting in Part, the elements of the award may have been attorney's fees and costs incurred by the Appellee, but the award was, in actuality, for damages as a result of the violation of the automatic stay. "Damages in the form of costs and attorney's fees for willful violations are available under § 105(a) as a sanction for ordinary civil contempt". (ECF No. 106; page 14 of 18). Based upon the correct categorization of the award of attorney's fees as damages, the District Court improperly dismissed this appeal.

Finally, the District Court found the Appellant lacked the requisite standing to seek review of the Fee Order, as the Appellant consented to the amount of attorney's fees the Appellee otherwise might be entitled based upon the underlying order. In order to avoid incurring further attorney's fees with an evidentiary hearing on attorney's fees, the Parties and Appellant consented to an amount of the attorney fee award. However, Appellant included within the consent order the right to seek appellate review of all orders entered by the Bankruptcy Court related to this issue. Specifically, the Sanctions Order stated,

> "[t]he consent of Robert A. Sweetapple ("Mr. Sweetapple") to the entry of this Order solely regards the amount of attorneys'

10

> fees and costs sought by the Respondents, in order to avoid the necessity of a contested hearing thereon, and does not constitute a waiver or admission as to any aspect of the Contempt Order and/or Order Denying Reconsideration. This Order is expressly entered without prejudice to Mr. Sweetapple's right to appeal any aspect of the Contempt Order and/or the Order Denying Reconsideration".

(ECF No. 120; ¶ 4).  As such, the Appellant properly preserved his standing to appellate review.

On the merits of this Appeal, Appellant will show that he did not violate the automatic stay when he followed the directive of a state trial court judge, and presented closing argument in response to the closing presented by counsel for Appellee on the issue of the amount of attorney's fees, if any, Appellee was entitled to recover as prevailing party in a records request action. The matter before the State Court was the amount of fees Appellee was entitled to, and no claim was made against Appellee. Appellant's argument that Appellee should suffer a sanction due to its improper conduct was made only as a set-off to reduce or eliminate the fees awarded. Appellee did not object to any part of Appellant's argument, until it filed a Motion for Sanctions, six (6) weeks later.

## **ARGUMENT**

## I.    **The Orders Finding Contempt and Sanctions Were Not Appealable Until An Order was Entered Determining the Amount Of Fees Awarded**

11

A. *The January 28, 2021 Order Granting In Part Was Not A Final, Appealable Order As The Issue Of Damages Remained Outstanding.*

The January 28, 2021, Order Granting in Part Amended Motion for Contempt for Violation of the Automatic Stay and for Sanctions ("Order Granting in Part") did not determine the amount of attorney's fees and costs to be awarded to Appellee. The District Court's finding, that it was a final, appealable order, and Appellant was required to seek appellate review within fourteen (14) days of its entry, is clear error. Under 28 U.S.C. § 158(a) appellate court jurisdiction only extends to final judgments and orders, and interlocutory orders of the bankruptcy judges, with prior leave of court. *28 U.S.C. § 158(a)(1), (3)*. While finality is a more flexible concept in bankruptcy, the increased flexibility "does not render appealable an order which does not finally dispose of a claim or adversary proceeding." *Rissell v. Kapila*, No. 18-cv-61927-BLOOM, 2018 U.S. Dist. LEXIS 181589, at 4 (S.D. Fla. Oct. 22, 2018), citing *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). Finality in the bankruptcy context is the same as the application of finality in any other case; however, in a bankruptcy context the concept of finality is applied to each separate and discrete controversy within the main bankruptcy case, with each order/issue being assessed by the appellate court must be finally resolved leaving nothing further for the bankruptcy court to do. See generally *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985).

The Court must analyze both the Order Granting in Part and the Sanctions Order and determine which of the two (2) orders ended the judicial labor as to this discrete controversy. The Court first reviews the order finding a party in contempt and liable for damages but not determining a specific amount of damages, then ascertain whether that order ended the judicial labor, or, whether the later order, which determined the amount of damages to which the Appellee was entitled, is the final order.

There are two lines of authority: one line applies to sanctions awards, as here, and a different line applies to awards of attorney's fees by statute or contract. When a party brings claims that have an entitlement to attorney's fees, e.g., by contract or statute, "[w]here an order disposes of a party's substantive claims, but does not dispose of claims relating to attorney's fees, the time for appeal of the substantive claims starts to run from the date of the first order unless the district court grants a delay." *Fluor Constructors, Inc. v. Reich*, 111 F.3d 94, 96 (11th Cir. 1997). This answers a need for, "a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988) (statutory claim for fees). *See also, Ray Haluch Gravel Co. v. Central Pension Fund of Intern. Union of Operating Engineers and Participating Employers*, 571 U.S. 177, 134 S.Ct. 773, 187 L.Ed.2d 669 (2014) ("Whether the claim for attorney's fees is based on a statute,

a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal." *Id.*, 571 U.S. at 179, 134 S.Ct. at 777).[1].

The District Court mistakenly relied upon the Supreme Court's reasoning in *Budinich* in dismissing the underlying appeal because this appeal is of a sanctions award where the attorney's fees were the damages and not ancillary to the party's claims. *See McCavey v. Gold,* 625 Fed.Appx. 968 (11th Cir. 2015). Sanctions orders are different, and must be liquidated fully, including as to attorney's fees, before they are considered final or appealable. *Id.,* 625 Fed.Appx. at 972. ("The district court order granting [appellee's] motion for Rule 11 sanctions did not include the amount of attorney's fees. [Appellant] filed his notice of appeal before the district court entered its order setting the amount of those fees. Therefore, the sanctions order was

---

[1] When a pending request for fees is collateral to the party's claims, it does not affect, the final and appealable nature of an underlying judgment on the merits. *Budinich* involved a claim to fees under a Colorado employment compensation statute. 486 U.S. at 197, 108 S.Ct. at 1719 (citation omitted). The Supreme Court there concluded that "a decision on the merits is a 'final decision' for purposes of [28 U.S.C.] § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Budinich*, 486 U.S. at 202–03, 108 S.Ct. at 1722. The Supreme Court revisited the issue in 2014, in *Ray Haluch Gravel Co. v. Central Pension Fund of Intern. Union of Operating Engineers and Participating Employers*, 571 U.S. 177, 134 S.Ct. 773, 187 L.Ed.2d 669 (2014). While *Budinich* involved a statutory claim for fees, *Ray Haluch* considered the issue of whether a contractual claim for attorney's fees precluded a judgment from becoming final and appealable. Compare *Budinich,* 486 U.S. at 197, 108 S.Ct. at 1719 (citation omitted) with *Ray Haluch*, 571 U.S. at 179, 134 S.Ct. at 777. The Supreme Court determined that the result was no different. *Id.*

not final as of the date [appellant] filed his notice of appeal."). This rule is stated by numerous Circuits in decisions rendered after *Budinich* nor *Ray Haluch*.[2]

The Sanctions Orders at issue are governed by *McCavey* and similar cases, and not *Budinich* nor *Ray Haluch*. The only pleading on file is the Sanctions Motion, the full title of which is "*Amended Motion for Contempt for Violation of the Automatic Stay and for Sanctions*". ECF No. 32. The Sanctions Motion asked the Court to use its sanctions and contempt powers, citing 11 U.S.C. § 105(a). ECF No. 32 at 6–7. The prayer for relief requests "a monetary sanction against the Town and Sweetapple for reasonable costs associated with filing and prosecuting this Motion."

---

[2] *Meide Zhang v. Liang Zhang*, 816 Fed.Appx. 525, 531 (2d Cir. 2020) ("This Court has routinely held that orders awarding attorney's fees as a sanction are not appealable until the amount of the sanction has been determined.") (citation omitted); *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019) ("Even once the merits of a case have been resolved, an appeal from the award of sanctions may not be taken until the amount has been determined.") (citation omitted); *Milo & Gabby, LLC v. Amazon.com, Inc.*, 693 Fed. Appx. 879, 892, n. 5 (Fed. Cir. 2017) ("…district court orders granting sanctions or attorney's fees are separate orders which are not final and appealable until the district court has decided on the amount. Because the district court has not ruled on the amount of the fee award [the] challenge to the award of attorney's fees would be premature…") (citations and quotations omitted); *Webb v. Morella*, 522 Fed.Appx. 238, 242 (5th Cir. 2013) ("An award of attorneys' fees or costs that does not reduce the sanctions to a sum certain is not an appealable final decision and therefore cannot be reviewed by this court.") (citation omitted); *Hoover v. Jones (In re Jones)*, 546 B.R. 12, 15 (6th Cir. BAP 2016) ("An order imposing Rule 9011 sanctions is only final upon assessment of fees and expenses.") (quotation omitted).

*Id.* at 8. The Order Granting in Part and the Reconsideration Order were not final. No appeal was possible until the Court liquidated the sanction.[3]

The Order Granting in Part became final and appealable once the bankruptcy court awarded the attorneys' fees as sanctions.  Upon entry of the Judgment, the Order Granting in Part merged into the Judgment. Therefore, the Contempt Order is properly before this Court on appeal. The Order Granting in Part and Reconsideration Order are not judgments on the merits of a cause of action with tangential fee issues to be separately resolved, but an integral component of the Appellee's underlying substantive claim determining responsibility but did not become final until liquidated by the Sanctions Order.  This assertion is further evidenced by the Appellee seeking to have Appellant held in contempt, with an award of attorney's fees, as damages, as a remedy for Appellant's alleged willful violation of the automatic stay. The instant matter is further distinguished as the attorney's fees were specifically awarded by the Bankruptcy Court as damages for

---

[3] *Parker v. Nelson (In re Nelson)*, 2014 WL 3398390 (9th Cir. BAP Jul. 11, 2014) is a particularly clear example of this dichotomy.  In *Nelson*, a bankruptcy court issued a March 2013 contempt order against a party that violated the discharge injunction, which stated in relevant part, "Should counsel believe attorneys' fees are appropriate, he may bring a separate motion with appropriate evidentiary support as to the amount of fees incurred."  2014 WL 3398390, at *2.  Subsequently, the bankruptcy court issued a July 2013 money judgment awarding said fees.  *Id*. at **2–4.  The appellant then filed a notice of appeal, which appealed both the judgment and initial contempt order.   *Id*. at *4.  Although four months had elapsed between the entry of the contempt order and the notice of appeal, the appeal was timely because the contempt order did not become final until attorney's fees had been liquidated: *Id* at 4-5.

the willful violation of the automatic stay.  They are themselves sanctions orders. Accordingly, the appeal filed by Appellant within 14 days of the Sanctions Order is timely.

By dismissing this appeal, the District Court erred by following the *Budinich* line of authority instead of *McCavey*. When the sanctions are attorney's fees, the decision is not final until the fees are assessed. This is not a case where the attorneys fees are ancillary to the client's claim and allowed by statute or contract. The Bankruptcy Court entered its Order Granting in Part, finding the Appellant in contempt as a result of a violation of the automatic stay. However, the Order Granting in Part left open the issue of damages for the violation of the automatic stay.  As the issue of damages remained open, based upon the plethora of case law, the Order Granting in Part was not a final order.  See, e.g., *McCavey*, supra, 625 Fed.Appx. at 972.

B. *Appellant Did Not Waive his Appellate Remedies Regarding the Contempt Order By Agreeing to an Order Liquidating the Amount.*

In addition to timeliness, the District Court found the Appellant waived his appellate remedies regarding the Fee Order by consenting to its entry. In support, the District Court cited *Hofmann v. De Marchena Kaluche & Asociados*, 657 F.3d 1184 (11th Cir. 2011).  However, the District Court's reliance is misplaced and fails

17

to consider the Appellant's reservation of rights in the Fee Order.  *See* Sanctions Order, ECF No.  at 2.

The facts of the instant case are more analoguous to this Court's 2013 opinion, *Cox v. Cmty. Loans of Am.,* 2013 U.S. App. LEXIS 26060, or to its 1986 opinion, *Dorse v. Armstrong World Indus.,* 798 F. 2d 1372 (11ᵗʰ Cir. 1986), not *Hofmann* as found by the District Court. *Cox* and *Dorse* both contain one fact, which indeliably distinguishes them from *Hofmann* and in fact support the Appellant's position that he properly possesses standing to appeal the Fee Order. In both *Cox* and *Dorse,* this Court dealt with the subsequent appeal of consent orders. In *Dorse,* this Court found they properly had jurisdiction over the appeal of a stipulation for judgment agreed to by the parties.  The basis for this Court's finding was that the parties' stipulation for judgment specifically recognized the appellant's intent to appeal.

Based upon the clear and unequivocal language of the Fee Order, it is evident the Appellant reserved his right, "to appeal any aspect of the Contempt Order and/or the Order Denying Reconsideration".[4]  *See* Sanctions Order at 2. [ECF 120]. Based upon the holding of this Court in *Cox* and *Dorse,* as a result of the reservation, the Appellant may seek review of the Fee Order.  As such, the District Court erred in its reliance upon *Hofmann.*

---

[4] Mr. Sweetapple notes that counsel for the Debtor consented to this language and indeed uploaded the Fee Order to the Court for entry.  *See* Fee Order 2.

18

*C. Appellant Has the Requisite Standing to Challenge the Fee Order*

While Appellant is appealing the bankruptcy court's determination of the Debtor's entitlement to an award of attorney's fees and costs, Appellant has standing to appeal the underlying Sanction Order, which is properly before this Court. However, assuming *arguendo,* Appellant did not possess the requisite standing to appeal the Order Granting in Part, which he does, as argued *supra*, the Order Granting in Part merged into the Sanctions Order upon its entry, along with the right to appeal. As Appellant had standing to appeal the Sanctions Order, upon merger he has standing to appeal the Order Granting in Part. Moreover, it is inconceivable the mere satisfaction of an outstanding attorney fee award by a party affects the standing of other individuals who were subjected to sanctions and liable under the award. As is well settled law, standing, for appellate purposes, and standing, for trial purposes, while similar and overlapping, are not identical. *See Knight v. Alabama,* 14 F.3d 1534, 1555 (11th Cir. 1994). A party has standing, for appellate purposes, if they have been, "aggrieved by the judgment or order". *Id. at 1556 (quoting Dairyland Ins. Co. v. Makover*, 654 F.2d 1120, 1123 (5th Cir. Unit B. Sept. 4, 1981)). Clearly, Appellant has been aggrieved by, not only the Order Granting in Part, but by the Sanction Order as well. Satisfaction of the award by the Gulfstream has no effect on whether Appellant was aggrieved by the Sanctions Order. As Appellant

was aggrieved by the entry of the Order Granting in Part, the adverseness requirement for appellate standing has been met; therefore, he possesses the requisite standing to appeal the Order Granting in Part, as well as the Sanction Order.

II.  The Bankruptcy Court erred by finding the Appellant violated the automatic stay provisions of the Bankruptcy Code

   A. *Appellee Waived Right to Pursue Alleged Violation of the Automatic Stay By Failing to Object*

In the underlying Chapter 11 bankruptcy, the Appellant, who represents a judgment debtor of the debtor, but is not personally involved, was found to have willfully violated the automatic stay provisions of the Bankruptcy Code, based upon the nature of an argument included within his closing argument.  Specifically, the Bankruptcy Court found the portion of the closing argument, wherein the Appellant asked that Appellee's attorney's fees be reduced or disallowed in their entirety by the State Court, as a result of the fraudulent nature of the Appellee's billing scheme, was "offensive" in nature.  Additionally, by asserting an "offensive" argument, rather than arguments only "defensive" in nature, the Bankruptcy Court found Appellant sought to affirmatively reduce an asset of the bankruptcy estate, and therefore willfully violated the automatic stay.

The Bankruptcy Court's assessment of what a party may or may not use as an argument in response to the attorney's fee request in State Court does not render Appellant's argument sanctionable.  As such, the Bankruptcy Court erred in

determining the Appellant personally violated the automatic stay. Most importantly, as the Appellee failed to object, or even raise the argument, at any time during the State Court proceeding, that the Appellant's position asserted within closing arguments violated the automatic stay. Thus, Appellee has waived the right to allege the Appellant's closing arguments were a willful violation of the automatic stay or to seek damages for the alleged willful violation.

There is no dispute that the State Court Proceeding itself did not violate the automatic stay because the State Court was liquidating the value of the Debtor's asset. The Bankruptcy Court found that one of the three arguments raised by Appellant violated the stay. Yet Appellee never raised an objection or asserted that this argument should be rejected. Appellee simply filed a Motion for Sanctions, six weeks later.

The issue of waiver in relation to asserting a violation of the automatic stay has been addressed by many courtys, including the Bankruptcy Court for the Middle District of Florida in *Am. Online, Inc. v. Uhrig (In re Uhrig)*, 306 B.R. 687 (Bankr. M.D. Fla. 2004). The facts of *Uhrig,* are analogous to this case. In *Uhrig,* as in here, despite the filing of a bankruptcy and the existence of the automatic stay, the debtor appeared and defended an underlying action. However, the debtor, in *Uhrig,* as here, failed to assert any argument related to the automatic stay or that the matter should be stayed as it was violative of the automatic stay. Instead, the debtor, in *Uhrig*, as

21

the Appellee in the instant matter, only asserted non-bankruptcy related defenses. Not until after the conclusion of the underlying proceeding, as here, did the debtor assert a violation of the automatic stay. In analyzing whether a violation of the automatic stay occurred, the Bankruptcy Court found, based upon the debtor's, "actions, or lack thereof, [debtor] waived his right to complain about alleged violations of the automatic stay in the instant case." *Id. at 694. See In re Cobb,* 88 B.R. 119, 121 (Bankr. W.D.Tx. 1988)("When the [Debtor] appears and defends a suit on any basis other than application of the automatic stay, then the [Debtor] waives the automatic stay. To hold otherwise would allow a [Debtor] to have a trump card that he could play if he did not like the outcome of the action, but allowing him take a favorable judgment.").  Simply put, the right to assert an alleged violation of the automatic stay or to seek damages for an alleged violation of the automatic stay is waived by a party when the party appears at a proceeding, but fails to assert an alleged violation of the automatic stay and defends the suit on any other basis.

Appellee not only failed to assert, or object, on the basis the closing arguments as presented by the Appellant violated the automatic stay, but affirmatively presented closing arguments by and through counsel as well which also failed to include mention of a violation of the automatic stay.  The Appellee waited six (6) weeks before first raising the issue the Appellant violated the automatic stay by attempting to reduce the attorney fee award based upon the fraudulent scheme.  In

effect, based upon the rationale in *Uhrig,* by not asserting the Appellant's actions of presenting "offensive" arguments as part of his closing, Appellee waived the argument of violation of the automatic stay. Based upon the Appellee's failure to raise the issue of the automatic stay during closing arguments, as well as presenting a closing argument completely devoid of any mention of the automatic stay, the Appellee clearly waived its ability to claim a violation of the automatic stay and to seek damages steeming therefrom. As such, the Bankruptcy Court erred by finding the Appellant willfully violated the automatic stay.

### B. The Bankruptcy Court erred by finding Appellant personally liable for damages stemming from an alleged violation of the automatic stay.

In the event this Court determines the Appellee did not waive its right to seek damages for the alleged willful violation of the automatic stay, the lower court's finding is still clearly erroneous as the Appellant is not a creditor of the debtor. The Appellant merely represents a creditor of the Appellee. It is important to note, the Appellant agrees with the Bankruptcy Court below that an attorney may be held personally liable for violations of the automatic stay as a result of actions they have taken or omissions they have made in representation of their clients. However, the Appellant disagrees his actions were such that he is personally liable for willfully violating the automatic stay. On the contrary, the Appellant merely complied with the State Court's directive to present closing arguments and viguoursly represented his client by presenting closing arguments.

The issue of personal liability of a party's counsel is addressed below by the Bankruptcy Court; however, the facts of the instant matter were incorrectly applied to the facts of the cases which serve as the basis for the Bakruptcy Court's finding. The Bankruptcy Court correctly points out there are few cases addressing the issue of personal liability of counsel for a party, who was found to have violated the automatic stay. The Bankruptcy Court cites *In re Parker*, No. 14-44083 2018 WL 626194 (Bankr. N.D. Cal. January 30, 2018) and *In re Wohleber,* 596 B.R. 554 (6th Cir B.A.P. 2019) in support of finding the Appellant personally liable for his client's violation of the automatic stay.

While a plethora of case law does not exist on the issue of personal liability of the counsel for a party, who has violated the automatic stay, other opinions do exist, with a more analogous fact pattern to the instant matter, from which this Court could obtain guidance on the issue. The opinion by the Bankruptcy Court for the Middle District of Tennessee, *Connor v. Prop. Fund 629, LLC (In re Connor)*, Nos. 3:21-bk-00276, 3:21-ap-90037, 3:21-ap-90051, 2022 Bankr. LEXIS 1588 (Bankr. M.D. Tenn. June 6, 2022), is one such opinion. In *Connor,* the court was tasked with determining whether an attorney for a party had an affirmative duty to take action to stop an eviction, and by failing to do so was therefore personally liable for violating the automatic stay. The *Connor* Court analyzed cases within the Sixth Circiut related to these issues, and found, "[T]ypically, the attorneys who were found

24

by courts within the Sixth Circuit to have an affirmative duty to act were **involved with or responsible for pre-petition actions that set a metaphorical collection ball rolling** and were fully aware that without action to stop it, the ball would continue rolling post-petition. *Id.* at 17. (Emphasis Added).  Moreover, the *Connor* court held that prior to an affirmative duty arising, counsel must be provided with a reasonable time to act.  See generally *In re Russell*, 441 B.R. 859 (Bankr. N.D. Ohio 2010).  The court in *Connor* ultimately found the attorney in question was not personally liable for his client's violation of the automatic stay, as he was not responsible for "setting the collection ball rolling", nor provided with a reasonable time to act.  In closing, the *Connor* court opined, "[t]he law does require reasonable efforts, sometimes including taking affirmative action to stop something from happening, based on the totality of the circumstances".  *Id.* at 22.

The facts as set forth in *Connor* clearly mirror the instant set of circumstances. Here, the Appellant took no action analogous to "collection" – he simply made an argument that did not draw objection. Appellant did not argue whether the automatic stay was applicable before the State Court, the Appellant was not even present at the hearing.  As such, the Appellant is not responsible for "setting the closing arguments rolling".  Instead, the Appellant merely followed the State Court's directive to appear and present closing arguments. Additionally, as in *Connor,* the Appellant was not provided with a reasonable time to act, or not act.  Rather, upon appearing before the

State Court the Appellant was promptly ordered to present closing arguments, which the Appellant did, after counsel for the Appellee presented its closing arguments.

Analyzing this matter, based upon the totality of the circumstances, it is evident the Appellant simply complied with the State Court's directive and presented closing arguments. The Appellant provided no legal advice to his client, nor the State Court, related to the applicability of the automatic stay, he merely represented his client by presenting closing arguments pursuant to the State Court's order. Based upon the guidance provided through *Connor*, an analysis of this matter, based upon the totality of the circumstances, it is obvious, the Appellant is not personally liable for violating the automatic staty.

## CONCLUSION

Based uon the foregoing authorities, the District Court's dismissal of this Appeal was erroneous, and the sanctions orders entered by the Bankruptcy Court should be vacated. Appellant simply obeyed the State Court's Order and presented closing argument in a proceeding where the Debtor was the Plaintiff and the issue for consideration was determination of the amount of the Debtor's asset – a fee award. The State Court properly went forward with the proceeding. When Appellant was ordered to present his rebuttal argument, he made arguments to reduce or eliminate the fees, but did not see recovery against the Debtor. When Appellant argued that the fees should be reduced as a sanction against Appellee, there was no

objection to the argument, and no argument that the argument should not be upheld. Appellee's tactic of seeking sanctions in the Bankruptcy Court, six weeks after the fact, annot be endorsed by this Court. Under the circumstances of this case the Order Granting in Part, the Reconsideration Order and the Sanctions Order must be vacated.

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with Fed. R. App. P. 32(a)(7)(C), undersigned counsel for Appellant certifies that Appellant's Initial Brief complies with the type-volume limitation set forth in subsection (a)(7)(B) of the rule. The Initial Brief contains 6,993 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). Undersigned counsel relies on the word-processing system utilized in order to prepare the brief and for the inclusion of the above information.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via Regular U.S. Mail to all parties who are not on the list to receive e-mail notification/service for this case on this 15th day of July, 2022.

Respectfully submitted,

By:    /s/ Douglas C. Broeker
Douglas C. Broeker, Esq.
Fla. Bar No. 306738
*Counsel for Appellant*
**SWEETAPPLE, BROEKER & VARKAS, P.L.**
12700 Biscayne Blvd., Suite 402
Miami, Florida 33130
Tel.: (305) 374-5623
Doug@broekerlaw.com
Docservice@broekerlaw.com